United States District Court
Eastern District of Michigan
Southern Division

United States of America,

        Plaintiff,

                                Case No. 21-cr-20284

v.

                                Hon. Robert H. Cleland

Quantas Edmond,

        Defendant.

_____/

# Plea Agreement

The United States of America and the defendant, Quantas Edmond, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

## 1.   Counts of Conviction

The defendant pleads guilty to Counts 1, 2, 4, and 5 of the Indictment. Count 1 charges the defendant with Possession with Intent to Distribute More Than 28 Grams of Cocaine Base under 21 U.S.C. § 841(a)(1) and 841(b)(1)(B)(iii). Count 2 charges the defendant with Possession with Intent to Distribute Cocaine under 21 U.S.C. § 841(a)(1) and 841(b)(1)(C). Count 4 charges the defendant with Felon in

**Page 1 of 20**

Possession of a Firearm under 18 U.S.C. § 922(g)(1). Count 5 charges the defendant with Possession with Intent to Distribute Cocaine Base under 21 U.S.C. § 841(a)(1) and 841(b)(1)(C).

## 2.    Statutory Minimum and Maximum Penalties

The defendant understands that the count to which he is pleading guilty carries the following minimum and maximum statutory penalties:

| Count 1 | Term of imprisonment: | 5 to 40 Years |
| | Fine: | Up to $5,000,000.00 |
| | Term of supervised release: | At least 4 Years, up to life |
| Count 2 | Term of imprisonment: | Up to 20 Years |
| | Fine: | Up to $1,000,000.00 |
| | Term of supervised release: | At least 3 Years, up to life |
| Count 4 | Term of imprisonment: | Up to 10 Years |
| | Fine: | Up to $250,000.00 |
| | Term of supervised release: | 3 Years, up to life |
| Count 5 | Term of imprisonment: | Up to 20 Years |
| | Fine: | Up to $1,000,000.00 |

| | Term of supervised release: | At least 3 Years, up to life |
|---|---|---|

The defendant further understands that the Court has the discretion to run the sentences of imprisonment on the counts of conviction consecutively to each other.

The defendant also understands that he is pleading guilty to at least one count carrying mandatory minimum penalties and that the Court may not impose a sentence on that count below those mandatory minimums.

## 3. Agreement to Dismiss Remaining Charges

If the Court accepts this agreement and imposes sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan will move to dismiss any remaining charges in the indictment against the defendant in this case. Specifically, the United States Attorney's Office will move to dismiss Count 3 of the Indictment – Possession of a Firearm in Furtherance of a Drug Trafficking Crime under 18 U.S.C. § 924(c).

4.    **Elements of Counts of Conviction**

The elements of Count 1 – Possession with Intent to Distribute More Than 28 Grams of Cocaine Base;  21 U.S.C. § 841(a)(1) and 841(b)(1)(B)(iii) are:

  (1)    First, the defendant knowingly or intentionally possessed cocaine base;

  (2)    Second, the defendant intended to distribute cocaine base; and

  (3)    Third, the weight of the cocaine base the defendant possessed was at least 28 grams as charged.

The elements of Count 2 – Possession with Intent to Distribute Cocaine;  21 U.S.C. § 841(a)(1) and 841(b)(1)(C) are:

  (1)    First, the defendant knowingly or intentionally possessed cocaine; and

  (2)    Second, the defendant intended to distribute cocaine.

The elements of Count 4 – Felon in Possession of a Firearm and Ammunition; 18 U.S.C. § 922(g)(1) are:

  (1)    The defendant knowingly possessed a firearm;

(2)    At the time he possessed a firearm, the defendant had been previously convicted of a crime punishable by imprisonment for a term exceeding one year;

(3)    The defendant knew that he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year; and

(4)    The firearm that the defendant possessed had previously been shipped or transported in or affecting interstate commerce.

The elements of Count 5 – Possession with Intent to Distribute Cocaine Base;  21 U.S.C. § 841(a)(1) and 841(b)(1)(C) are:

(1)    First, the defendant knowingly or intentionally possessed cocaine base; and

(2)    Second, the defendant intended to distribute cocaine base.

5.    **Factual Basis**

The parties agree that the following facts are true, accurately describe the defendant's role in the offense, and provide a sufficient factual basis for the defendant's guilty plea:

On January 21, 2021, officers with the Michigan State Police –
Livingston and Washtenaw County Narcotics Enforcement Team
(LAWNET) utilized a confidential informant to conduct a controlled
purchase of cocaine base from the defendant, Quantas Edmond at a gas
station near Ypsilanti in the Eastern District of Michigan. After the
purchase, the informant relayed to the officers that Edmond possessed
large quantities of cocaine and crack cocaine (cocaine base) in his
vehicle. This information was relayed to a uniformed trooper who
stopped Edmond, the driver and sole occupant, and searched his
vehicle.

During the search of the vehicle, the trooper found a backpack
with various materials including measuring cups, whisks, plastic bags,
which were consistent with converting powder cocaine into crack. The
trooper also found a black cash box, which Edmond claimed only
contained marijuana, but actually contained 82 grams of cocaine base
and 72 grams of powder cocaine. The key to that cash box was found on
Edmond's keyring. Between Edmond's seat and center console, the
trooper recovered a stolen pistol that was loaded with a round in the
chamber. The trooper also found approximately $1,850 in cash. $240 of

which was pre-recorded funds that LAWNET had used previously during the controlled purchase from Edmond.

Edmond was released on scene pending LAWNET's investigation. On April 21, 2021, Edmond was arrested on a federal arrest warrant by LAWNET officers near Ypsilanti in the Eastern District of Michigan. In searching Edmond's vehicle in conjunction with the arrest, LAWNET officers discovered 26 grams of cocaine base, two cell phones, and $600 cash.

On both of the above-listed dates Quantas Edmond possessed the described quantities of cocaine and cocaine base with the intent to distribute those substances to others. Edmond also knowingly possessed the firearm that was recovered from his vehicle on January 21, 2021.

Edmond was convicted of Assault or Assault and Battery of a DHS Employee in 2007 and Possession of a Controlled Substance (Cocaine, Heroin, or Another Narcotic) Less than 25 Grams in 2013, which are both felonies under Michigan law. Prior to accepting the guilty plea in each of those felony convictions, Edmond was advised by the court that the maximum possible penalty for each of those offenses was more than one year of imprisonment. Edmond knew at the time he possessed the

firearm on January 21, 2021, that he had been convicted of an offense punishable by more than one year of imprisonment.

The pistol that Edmond possessed in the instant offense meets the definition of "firearm" under United States Code, Title 18, Chapter 44. Further, an ATF interstate-nexus expert determined that the firearm was manufactured outside of the state of Michigan, and therefore the firearm was previously shipped or transported in or affecting interstate commerce.

## 6.   Advice of Rights

The defendant has read the Indictment, has discussed the charges and possible defenses with his attorney, and understands the crime charged. The defendant understands that, by pleading guilty, he is waiving many important rights, including the following:

A.   The right to plead not guilty and to persist in that plea;

B.   The right to a speedy and public trial by jury;

C.   The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

D.    The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

E.    The right to confront and cross-examine adverse witnesses at trial;

F.    The right to testify or not to testify at trial, whichever the defendant chooses;

G.    If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

H.    The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

I.    The right to compel the attendance of witnesses at trial.

7.    **Collateral Consequences of Conviction**

The defendant understands that his conviction here may carry additional consequences under federal or state law. The defendant understands that, if he is not a United States citizen, his conviction here may require him to be removed from the United States, denied citizenship, and denied admission to the United States in the future.

The defendant further understands that the additional consequences of his conviction here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's conviction might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from his conviction.

8.    **Defendant's Guideline Range**

      A.    **Court's Determination**

      The Court will determine the defendant's guideline range at sentencing.

      B.    **Acceptance of Responsibility**

      The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a). Further, if the defendant's offense level is 16 or greater and the defendant is awarded

the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). If, however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, his probation officer; obstructing justice in any way; denying his guilt on the offense to which he is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

## C.  Other Guideline Recommendations

- 2D1.1(a)(5)/(c)(7) – Base Offense Level 26: Converted Drug Weight 400-700k

- 2D1.1(b)(1) – Possessed a Firearm

The parties have no other recommendations as to the defendant's guideline calculation.

### D.    Factual Stipulations for Sentencing Purposes

The parties stipulate that the facts described in the Factual Basis in Paragraph 4 are true and that the Court may, but is not required to, rely on them in calculating the defendant's guideline range and imposing sentence.

### E.    Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraphs 7.B, 7.C, or 7.D. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

### F.    Not a Basis to Withdraw

The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if he disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in paragraphs 7.B, 7.C, or 7.D. The government

likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

**9.      Imposition of Sentence**

**A.      Court's Obligation**

The defendant understands that in determining his sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

**B.      Imprisonment**

There is no recommendation or agreement as to a term of imprisonment, except that the parties agree that a sentence of at least 5 years of imprisonment must be imposed for Count 1 as required by law.

**C.      Supervised Release**

There is no recommendation or agreement as to a term of supervised release, except that the parties agree that a term of at least 4 years must be imposed for Count 1 and at least 3 years for Counts 2 and 5 as required by law.

**D.   Fines**

There is no recommendation or agreement as to a fine.

**E.   Forfeiture**

Defendant agrees, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C.
§ 2461(c), to forfeit any interest he may have in any firearm and
ammunition used or intended to be used in the commission of Count
One, including but not limited to a Springfield Armory Model XD-40,
.40 caliber pistol, Serial Number GM115452, including a magazine and
ammunition.

In entering into this agreement with respect to forfeiture,
Defendant expressly waives his right to have a jury determine the
forfeitability of his interest in the above-described property as provided
by Rule 32.2(b)(5) of the Federal Rules of Criminal Procedure.

Following entry of this plea agreement and on application of the
United States, Defendant agrees to the Court's prompt entry of one or
more orders of forfeiture of his interest in the above-identified property
at, or any time before, his sentencing. Defendant agrees that the
forfeiture order will become final as to his interests when entered by the
court.

Defendant knowingly, voluntarily, and intelligently waives any challenge to the above-described forfeiture based on the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

Defendant further waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of forfeiture at sentencing, and incorporation of forfeiture in the judgment.

Defendant acknowledges that he understands that forfeiture of the above-described assets is part of the sentence that may be imposed in this case and waives his right to challenge any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

### F.    Special Assessment

The defendant understands that he will be required to pay a special assessment of $400, due immediately upon sentencing.

### 10.    Appeal Waiver

The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence of imprisonment does not exceed the top of the guideline range as determined by the

Court, the defendant also waives any right he may have to appeal his sentence on any grounds.

## 11.   Collateral Review Waiver

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right he may have to challenge his conviction or sentence by collateral review, including, but not limited to, any right he may have to challenge his conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

## 12.   Consequences of Withdrawal of Guilty Plea or Vacation of Judgment

If the defendant is allowed to withdraw his guilty plea, or if the defendant's conviction or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were

dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives his right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

## 13.    Use of Withdrawn Guilty Plea

The defendant agrees that if he is permitted to withdraw his guilty plea for any reason, he waives all of his rights under Federal Rule of Evidence 410, and the government may use his guilty plea, any statement that the defendant made at his guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

## 14.    Parties to Plea Agreement

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

**15.   Scope of Plea Agreement**

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

**16.   Acceptance of Agreement by Defendant**

The government may withdraw from this agreement at any time before the defendant pleads guilty.

Dawn N. Ison
United States Attorney

Benjamin Coats
Chief, Major Crimes Unit
Assistant United States Attorney

Michael Taylor
Assistant United States Attorney

Dated: February 9, 2021

By signing below, the defendant and his attorney agree that the defendant has read or been read this entire document, has discussed it with his attorney, and has had a full and complete opportunity to confer with his attorney. The defendant further agrees that he understands this entire document, agrees to its terms, has had all of his questions answered by his attorney, and is satisfied with his attorney's advice and representation.

Stephanie Lambert *Ju Fila*
Attorney for Defendant

Quantas Edmond
Defendant                      3-1-22

Dated: